IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TYRONE LYLES,

    Plaintiff,

vs.                                                                                      No. 05-1197-T-An

GOVERNOR PHIL BREDESEN, et al.,

    Defendants.

---

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND ASSESSING FILING FEE
AND GRANTING MOTION FOR VOLUNTARY DISMISSAL**

---

Plaintiff Tyrone Lyles, presently an inmate at CBCX in Nashville, Tennessee, filed this complaint under 42 U.S.C. § 1983 on July 13, 2005. Plaintiff also filed a motion to be allowed to proceed *in forma pauperis*. Plaintiff has now sent a letter to the court, stating that he no longer wishes to pursue this matter. The Clerk of Court is DIRECTED to file the letter as a motion for voluntary dismissal. The motion to proceed *in forma pauperis* is GRANTED, and the motion for voluntary dismissal is GRANTED.

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a). The *in forma pauperis statute*, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. Therefore, it is ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 08-19-05

prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 111 S. Highland, Room 262, Jackson, Tennessee 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the court. The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The obligation to pay this filing fee was incurred upon the filing of the complaint and continues despite the dismissal of the case. 28 U.S.C. § 1915(e)(2).

Fed. R. Civ. P. 41(a)(1) allows a plaintiff to voluntarily dismiss his case, without leave of court, "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs" or by filing a stipulation of dismissal signed by all the parties. Otherwise, leave of court for a voluntary dismissal must be obtained "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

Defendants have not filed an answer. Consequently, plaintiff is entitled to voluntarily dismiss the action without prejudice. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED this __17th__ day of August, 2005.

                                                    *James D. Todd*
                                                    JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 1:05-CV-01197 was distributed by fax, mail, or direct printing on August 19, 2005 to the parties listed.

---

Tyrone L. Lyles
NWCX
289269
960 State Route 212
Tiptonville, TN 38079

Honorable James Todd
US DISTRICT COURT